RECEIVED

OCT 2 3 2006

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

EASTON FRANCISCO                    CIVIL ACTION NO. 05-1850

VERSUS                              JUDGE MELANÇON

SID HEBERT                          MAGISTRATE JUDGE METHVIN
Individually and as Sheriff for Iberia Parish

## HEIGHTENED PLEADING REVIEW

On September 8, 2006, the undersigned issued an order requiring plaintiff, Easton Franciso, to file a Rule 7(a) Reply to the qualified immunity defense pled by defendant Sid Hebert.[1] On September 28, 2006, plaintiff filed a Reply to the qualified immunity defense.[2] In light of the assertion of qualified immunity by defendant, the court must determine whether plaintiff meets the heightened pleading requirement required by Schultea v. Wood, 47 F.3d 1427 (5th Cir. 1995).[3] If not, the court must determine whether an order staying or limiting discovery is appropriate pending the filing and resolution of a dispositive motion by the defendant. For the

---

[1] Rec. Doc. 12.

[2] Rec. Doc. 13.

[3] Qualified immunity extends to government officials performing discretionary functions "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738 (1982). One of the purposes of the qualified immunity defense is "avoidance of disruptive discovery" unless and until the plaintiff puts forward "specific, nonconclusory factual allegations" which would overcome the defense. Siegert v. Gilley, 500 U.S. 226, 236, 111 S.Ct. 1789, 1795 (1991) (Kennedy, J., concurring). Discovery may be banned at this stage, or limited to the issue of qualified immunity. "The district court need not allow any discovery unless it finds that plaintiff has supported his claim with sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendant's conduct at the time of the alleged acts." Id. The Schultea rule "is an instantiation of the more general principle that 'heightened pleading' is needed in qualified immunity cases." Reyes v. Sazan, 168 F.3d 158, 161 (5th Cir.1999). "Heightened pleading requires allegations of fact focusing specifically on the conduct of the individual who caused the plaintiff's injuries." Reyes 168 F.3d at 161, citing Wicks v. Mississippi State Employment Services, 41 F.3d 991, 995 (5th Cir.1995).

following reasons, the undersigned concludes that plaintiff has sufficiently alleged a constitutional violation and an order limiting discovery is not appropriate

*Findings and Conclusions*

Plaintiff alleges as follows: On October 23, 2004, he was incarcerated at the Iberia Parish Correctional Center ("IPCC") as a pre-trial detainee. Defendant, Sid Hebert, is the Iberia Parish Sheriff and his office operates the ICCC. Plaintiff's Reply states:

> On October 23, 2004, the plaintiff became involved in a fight with another inmate known to him by the last name "Johnson." Mr. Johnson started a fight with the plaintiff, which was broken up after about two minutes by other inmates.
>
> After the fight between plaintiff and Mr. Johnson, another inmate – known to plaintiff by the last name "Caesar" and friends with Mr. Johnson – got into a fight with another inmate. This fight was also broken up. However, after this fight – almost ten minutes after plaintiff's fight with Mr. Johnson – Caesar came up behind the plaintiff and struck him with a metal combination lock that was provided and sold to inmates by the jail, in order to secure inmate's personal belongings.[4]

Plaintiff suffered injuries to his head, eyes, back, ribs, legs, feet, and hands. Plaintiff maintains that the "sole and proximate cause of the plaintiff's injuries and damages was the negligence of the defendants and/or their agents" in allowing the sale of dangerous weapons or other items which could inflict serious bodily injury and in "negligent supervision."[5] Further, plaintiff's Reply states:

> At no time immediately proceedings his fight with Mr. Johnson through the time that he was assaulted by Mr. Caesar – a time period estimated to exceed ten minutes – did the plaintiff observe any guards enter the area to control order, even

---

[4] Rec. Doc. 13 at p. 2.

[5] Rec. Doc. 1.

though the area where the assault and earlier fight took place were under constant camera observation by guards in a control room area.[6]

"The State owes the same duty under the Due Process Clause and the Eighth Amendment to provide both pretrial detainees and convicted inmates with basic human needs, including medical care and protection from harm during their confinement." Hare v. City of Corinth, 74 F.3d 633, 650 (5th Cir.1996)(en banc). Deliberate indifference in the context of a failure to provide reasonable medical care to a pretrial detainee means that: 1) the official was aware of facts from which an inference of substantial risk of serious harm could be drawn; 2) the official actually drew that inference; and 3) the official's response indicates the official subjectively intended that harm occur. Id. However, deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm. Id. at 645, 649.

Supervisory officials, such as a sheriff, cannot be held vicariously liable for their subordinates' actions. *See* Monell v. Department of Social Services, 436 U.S. 658, 691-95, 98 S.Ct. 2018, 2036-38, 56 L.Ed.2d 611 (1978); Thibodeaux v. Arceneaux, 768 F.2d 737, 739 (5th Cir.1985) (*per curiam*). Supervisory officials may be held liable only if: (i) they affirmatively participate in acts that cause constitutional deprivation; or (ii) implement unconstitutional policies that causally result in plaintiff's injury. *See* Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir.1987); *see also* Grandstaff v. City of Borger, 767 F.2d 161, 169-70 (5th Cir.1985), *cert. denied*, 480 U.S. 916, 107 S.Ct. 1369, 94 L.Ed.2d 686 (1987).

Here, plaintiff has alleged that defendant allowed a dangerous weapon, i.e., a combination lock, to be sold at the jail, which created a safety hazard. Further, plaintiff alleges facts

---

[6] Rec. Doc. 13 at p. 3.

indicating that defendant maintained a policy or procedure and/or failed to properly train his employees regarding preventing and stopping prison altercations, and maintaining order after such an incident, all of which led to plaintiff's injuries. The undersigned concludes that plaintiff has "supported his claims with sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendant's conduct at the time of the alleged acts." Schultea, 47 F.3d at 1434.

Thus, an order limiting discovery is not appropriate.

Signed at Lafayette, Louisiana on this 23rd day of October, 2006.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, LA 70501
(337) 593-5140     FAX 593-5155